UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODI NEELEY

    Plaintiff,

-vs-                                                CASE NO.
                                                      HON.

GENESEE COUNTY, KANDY JENKINS, and MATTHEW GOODMAN, in their individual and official capacity,

    Defendant.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650/ (248)-698-3321-fax<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

**COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiff, **JODI NEELEY**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above named Defendants states as follows:

1. Plaintiff is a resident of the City of Flint, County of Genesee, State of Michigan.

2. Defendant Genesee County, is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

1

3. Defendant Kandy Jenkins is and/or was a sheriff officer employed by Genesee County at all times mentioned herein, and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

4. Defendant Matthew Goodman is and/or was a sheriff officer employed by Genesee County at all times mentioned herein, and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

5. All relevant events giving rise to this lawsuit occurred in the City of Flint, County of Genesee, State of Michigan.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 1343.

7. Venue is situated in the Eastern District of Michigan under 28 U.S.C. § 102.

8. This lawsuit arises out of Defendants' violation of Plaintiff's Federal Constitutional rights as secured by the Fourth Amendment of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C § 1983.

9. That the amount in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTS

10. Plaintiff alleges and incorporates by reference each and every paragraph of this Complaint as through fully set forth herein.

11. On October 21, 2020, Defendants arrived at Plaintiff's home for a wellness check.

12. Upon arriving, Defendants found Plaintiff teary-eyed and depressed, but still able to communicate.

13. Defendants talked with Plaintiff for a while before calling for an ambulance to take Plaintiff to a hospital.

14. Once the ambulance arrived, Plaintiff was placed into the back of the ambulance by the responding EMS crew.

15. Shortly after being placed in the back of the ambulance, Plaintiff got out of the ambulance.

16. Defendants saw Plaintiff get out the back of the ambulance and immediately ran to her.

17. Upon reaching Plaintiff, Defendants Goodman and Jenkins violently grabbed Plaintiff's arms, lifted her up, and slammed her onto a cot.

18. Defendants began aggressively manipulating and striking Plaintiff's body while she was on the cot.

19. Defendant Jenkins punched Plaintiff in the face, breaking Plaintiff's nose, and struck the back of Plaintiff's head.

20. While Plaintiff was still on the cot, Defendants Goodman and Jenkins continued to aggressively strike, grapple, and manipulate Plaintiff's body without legal justification.

21. As a direct and proximate cause of Defendants' unreasonable and/or unlawful actions and/or inactions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

22. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

23. At all relevant times herein, the individual Defendants acted under color of law, within the scope and course of his employment, and in his official and individual capacity.

24. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when they employed unnecessary and unreasonable excessive force which resulted in significant injures to Plaintiff by striking Plaintiff in the face without any legal justification.

25. The actions of Defendants were at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injures to Plaintiff.

26. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

27. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## COUNTY OF GENESEE CONSTITUONAL VIOLATIONS

28. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

29. Defendant Genesee County acted recklessly and/or with deliberate indifference when it

practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations of Plaintiff.

30. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its sheriff officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise sheriff officers regarding reasonable seizures;

    c. Failing to adequately train and/or supervise sheriff officers regarding the proper use of force;

    d. Failing to supervise, review, and/or discipline sheriff officers whom Defendant Genesee County knew or should have known were violating or were prone to violate citizens'' constitutional rights, thereby permitting and/or encouraging its sheriff officers to engage in such conduct; and

    e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

31. Defendants' conduct demonstrated a substantial lack of concern for whether an injury resulted.

32. Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

33. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter and award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

    Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**/s/Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Rd.
White Lake, MI 48386
248.886.8650

Dated: October 10, 2022
*CJT/sjm*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JODI NEELEY

    Plaintiff,

-vs-                                                  CASE NO.
                                                      HON.

GENESEE COUNTY SHERRIF'S OFFICE, KANDY JENKINS, MATTHEW GOODMAN, and DUSTIN ROY in their individual and official capacity,

    Defendant.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650/ (248)-698-3321-fax<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |

**<u>DEMAND FOR TRIAL BY JURY</u>**

**NOW COMES** Plaintiff, **JODI NEELEY**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

                                                Respectfully Submitted,
                                                CHRISTOPHER TRAINOR & ASSOCIATES

                                                **/s/Christopher J. Trainor**
                                                CHRISTOPHER J. TRAINOR (P42449)
                                                AMY J. DEROUIN (P70514)
                                                Attorneys for Plaintiff
                                                9750 Highland Rd.
Dated: October 10, 2022                  White Lake, MI 48386
*CJT/sjm*                                                       248.886.8650